IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM DAWS TRUCKING, LLC, | ) | CASE NO. 4:25-cv-03154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER** |
| | ) | |
| LOYAL TRUCKING, LLC, COREY | ) | |
| STULL, RANAE MUENCHRATH, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, for their Answer to Plaintiff's Complaint:

1.     Upon information and belief, admit the allegations contained in Paragraph 1 of the Complaint.

2.     Admit the allegations contained in Paragraph 2 of the Complaint.

3.     Admit the allegations contained in Paragraph 3 of the Complaint.

4.     Admit the allegations contained in Paragraph 4 of the Complaint.

5.     Admit the allegations contained in Paragraph 5 of the Complaint.

6.     State the allegations contained in Paragraph 6 of the Complaint contain legal conclusions to which no response is required, but to the extent a response is required, Defendants do not dispute jurisdiction is appropriate.  Defendants further state they are without sufficient information to either admit or deny the remaining allegations of Paragraph 6 of the Complaint and accordingly deny the same.

7.     State the allegations contained in Paragraph 7 of the Complaint contain legal conclusions to which no response is required, but to the extent a response is required, Defendants do not dispute venue is appropriate.

8.     State Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint and accordingly deny the same.

9.     Admit that Jim and Lana Daws are husband and wife and owned Daws, Inc.  State Defendants were not parties to the APA and do not have information regarding the terms, conditions and requirements of that agreement.  Defendants are without sufficient information to

either admit or deny the remaining allegations of Paragraph 9 of the Complaint and accordingly deny the same.

10. State Defendants were not parties to the APA and do not have information regarding the terms, conditions and requirements of that agreement. Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 10 of the Complaint and accordingly deny the same.

11. Deny the allegations contained in Paragraph 11 of the Complaint.

12. Deny that Stull and Muenchrath were required to sign or actually did sign an employee handbook from Daws Trucking, as alleged in Paragraph 12 of the Complaint.

13. Admit that Stull and Muenchrath were longtime employees of Daws Trucking and that they knew many, if not all, of Daws Trucking's customers by virtue of their communications and interactions with them over many years. Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 13 of the Complaint and accordingly deny the same.

14. State the allegations contained in Paragraph 14 of the Complaint contain assertions about sworn testimony of a non-party to which no response is required, but to the extent a response is required, Defendants assert that the transcript of the sworn testimony speaks for itself.

15. State Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint and accordingly deny the same.

16. Admit that Stull and Muenchrath were employees of JDT.

17. Admit that Jim Daws resigned from JDT effective September 30, 2024. Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and accordingly deny the same.

18. Admit that Stull and Muenchrath resigned from JDT effective September 27, 2024.

19. Admit that portion of Paragraph 19 in which it is alleged that Stull and Muenchrath were aware of litigation involving JDT and Daws, Inc., deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Admit that after resigning their employment from JDT, Stull and Muenchrath communicated with Jim Daws and sought his advice on starting a separate tucking company. Deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.    Admit that after resigning their employment from JDT, Stull and Muenchrath communicated with Jim Daws and sought his advice on starting a separate tucking company. Deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.    Admit that Jim Daws was a member of Loyal Trucking on October 23, 2024. Defendants are without sufficient information regarding the scope or enforceability of the noncompete agreement between Jim Daws and JDT and accordingly deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.    Admit that Stull and Muenchrath acted to initiate the business of Loyal Trucking. Deny the remaining allegations contained in Paragraph 23 of the Complaint and further state that Defendants are without sufficient information regarding the scope or enforceability of the noncompete agreement between Jim Daws and JDT and accordingly deny any allegations regarding obligations thereunder.

24.    Admit that Loyal Trucking and Jim Daws entered into a redemption agreement setting forth terms and conditions under which Loyal Trucking would purchase Jim's interest in the entity and that the terms of the redemption agreement speak for themselves. Deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.    Admit that the redemption agreement was structured to enable Loyal Trucking to operate without securing additional financing. Deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.    Admit that Lana Daws assisted Stull and Muenchrath with the preparation of Loyal Trucking's business plan. Deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.    Admit that a final version of the business plan was emailed on October 31, 2024 and that the terms of the plan speak for themselves and that the customer base was comprised of people Muenchrath had developed personal relationships with over a decade of experience in the trucking industry and who were already known to competitors. Deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Admit that the business plan contained financial projections of $10 million.

29.    Paragraph 29 of the Complaint contains legal conclusions to which no response is needed; however, to the extent a response is needed, Defendants do not dispute the Court entered a Temporary Restraining Order.

30.     Admit that Defendants were informed of the TRO and that they continued to communicate with Jim Daws.  Deny that Jim Daws was engaging in the business of trucking on behalf of Loyal Trucking.

31.     Admit that Jim Daws provided financial assistance to Loyal Trucking and advice about financing.

32.     Deny the allegations contained in Paragraph 32 of the Complaint.

33.     Admit that Loyal Trucking secured financing from an investor on April 17, 2025 and continues to operate.  Deny that Jim Daws arranged for such financing as alleged in Paragraph 33 of the Complaint.

34.     Admit that Loyal Trucking has engaged in the trucking business and serves customers personally known to Muenchrath and Stull and already known to competitors and denies that their customers are protected by JDT's proprietary customer list and pricing data as alleged in Paragraph 34 of the Complaint.

35.     Deny the allegations contained in Paragraph 35 of the Complaint.

36.     Deny the allegations contained in Paragraph 36 of the Complaint.

37.     Deny the allegations contained in Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, Defendants restate and reassert all admissions, denials and affirmative allegations set forth in response to Paragraphs 1-37 above.

39.     Deny that Stull and Muenchrath had any obligations to JDT or owed any duty to JDT.  Stull and Muenchrath were employees of JDT who were not subject to any employment agreement with JDT or any noncompete agreement with JDT.  The remaining allegations contained in Paragraph 39 are directed at Jim and Lana Daws to which no response by the Defendants is required, but to the extent a response is required, Defendants are without sufficient information to either admit or deny the allegations directed at Jim and Lana Daws and accordingly deny the same.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Deny the allegations contained in Paragraph 41 of the Complaint.

42.     Deny the allegations contained in Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, Defendants restate and reassert all admissions, denials and affirmative allegations set forth in response to Paragraphs 1-42 above.

44.     Deny the allegations contained in Paragraph 44 of the Complaint.

45.     Deny the allegations contained in Paragraph 45 of the Complaint.

46.     The allegations contained in Paragraph 46 of the Complaint are directed at Jim and Lana Daws to which no response by the Defendants is required, but to the extent a response is required, Defendants are without sufficient information regarding the scope or enforceability of the noncompete agreement between Jim and Lana Daws and JDT and accordingly deny any allegations regarding obligations thereunder.

47.     Deny the allegations contained in Paragraph 47 of the Complaint.

48.     Deny the allegations contained in Paragraph 48 of the Complaint.

49.     Deny the allegations contained in Paragraph 49 of the Complaint.

50.     Deny the allegations contained in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, Defendants restate and reassert all admissions, denials and affirmative allegations set forth in response to Paragraphs 1-50 above.

52.     Deny the allegations contained in Paragraph 52 of the Complaint.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint.

55.     In response to Paragraph 55 of the Complaint, Defendants restate and reassert all admissions, denials and affirmative allegations set forth in response to Paragraphs 1-54 above.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny the allegations contained in Paragraph 57 of the Complaint.

58.     Deny the allegations contained in Paragraph 58 of the Complaint.

59.     Denies, generally and specifically, all other allegations contained in Plaintiff's Complaint except those previously admitted.

60.     Affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

61.     Affirmatively alleges that Defendants were not a party to the Asset Purchase Agreement which forms the basis of Plaintiff's complaints against Jim Daws, and as such have no contractually created obligations or duties to Plaintiff.

62.     Affirmatively alleges that Defendants were not subject to a non-compete agreement with Plaintiff.

63.    Affirmatively alleges that Plaintiff's third cause of action fails as a matter of law, as civil conspiracy cannot stand as a separate cause of action when no underlying tort has been committed by Defendants.

64.    Affirmatively alleges that Plaintiff's claimed proprietary customer list was already known to competitors, was readily ascertainable by the public, possessed no independent economic value and that Plaintiff took no efforts to maintain secrecy.

65.    Defendants reserve the right to amend this pleading as necessary to include additional affirmative defenses as may become known during the course of discovery.

Defendants respectfully request the Court enter judgment in accordance with the jury's verdict, properly rendered on appropriately admitted evidence, following the trial of the above-captioned action.

<div style="margin-left: 40%;">

**LOYAL TRUCKING, LLC, COREY STULL, RANAE MUENCHRATH**, Defendants

By:    */s/ Jarrod P. Crouse*
       Jarrod P. Crouse
       Bar Number: 22880
       Attorney for Defendants
       Baylor Evnen Wolfe & Tannehill, LLP
       Union Bank Place
       1248 "O" Street, Suite 900
       Lincoln, NE 68508
       Telephone: (402) 475-1075
       Fax: (402) 475-9515
       Email: jcrouse@baylorevnen.com

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Andre R. Barry
Henry L. Wiedrich
Madeline C. Hasley
Cline Williams Wright Johnson & Oldfather, LLP
abarry@clinewilliams.com
hwiedrich@clinewilliams.com
mhasley@clinewilliams.com

By:   */s/ Jarrod P. Crouse*
Jarrod P. Crouse. #22880

5281997